Good morning, Your Honors. May it please the Court. As an issue of first impression and under the unique facts of this case, this Court should find that the government has waived its ability to enforce the Sentence Appeal Waiver. You're not arguing that it fell within an exception set out in the waiver? I'm not arguing that. Go ahead. I'm not arguing that, Your Honor. Okay. So are you arguing on the waiver standard or the forfeiture standard, Johnson v. Zerps, intentional relinquishment of a known right? A little bit of all of the above, Your Honor. I think my big point here is that the case law that I've found that is most analogous to this situation establishes that the government can implicitly waive enforcement of the Sentence Appeal Waiver by not asserting it on appeal. What's that? By not asserting it. Yes. Exactly, Your Honor. They asserted it on appeal. I'm aware of that. But my point here is that what occurred in this case is even stronger evidence of government waiver than what occurred in any of those cases. I don't understand. We've got to, before you start making your argument along those paths, you've got to tell me what you mean by waived. Now, Johnson v. Zerps did say procedural default, you just don't object. Waiver is the intentional relinquishment of a known right. When did the government intentionally relinquish a known right? The moment it objected to Mr. Lewis's sentence as substantively unreasonable. So once a government agrees to recommend a particular sentence and to support the government and, I'm sorry, to support the defendant's position, that should be his sentence. There can be no appeal waiver. No, Your Honor. That's not what I'm saying. If the government had simply— Your Honor, it would be a different situation if the government had simply persisted in its recommendation that the appropriate sentence in this case was the bottom of the guidelines. But in this case, the government went much further than that. It explicitly joined Mr. Lewis's objection to the subjectively unreasonable sentence. What if the government had said, without waiving the appeal waiver, we object? Your Honor, I don't think that's the situation that's presented here. I know it's not the situation here. What if they had said that? I'm asking you a question. I don't know. I don't understand your concept of waiver. And if the government had said, we maintain our rights to assert the appeal waiver if he tries to appeal, but we object to the sentence, we support him in that. Now let us reiterate, we reserve the right to assert the appeal waiver. Would that have waived the appeal waiver? I don't believe it would, Your Honor. So making an objection itself doesn't waive the appeal waiver? Not necessarily, but under the specific facts of this case, I believe it does. And that's because the context of the government's objection is important in this case because the purpose of eliciting an objection following the imposition of a sentence is twofold. First, to permit the trial court to cure an error on the spot at that moment. And second, to narrow and sharpen the issues presented on appeal. And if we're looking at the sentence Yes, but the government wasn't presenting and narrowing and sharpening the issue on appeal. The government was trying to persuade the district court in the trial at, I'm sorry, in the courtroom at sentencing to go along with the position it had promised the defendant it would assert. Your Honor, I think I disagree with that characterization of the record. If we look at the sentencing transcript, I think it's clear the government did intend for this to be an objection that would be taken up on appeal. I mean, at page 42, Mr. Lewis objects to the substantive reasonableness of the sentence. Page 4243, the district court interrupts, says effectively, I've had enough of this. Make your outrageous arguments on appeal. The district court notes that the defense objection is preserved for purposes of appeal. Mr. Lewis asks if the government will join in this particular objection. The court indicates that the government has already complied with its obligation before the sentencing court to make a recommendation, and then the government at that point explicitly joins the defense objection to the reasonableness of the sentence for purposes of appeal. No, well, read me where they said for purposes of appeal. Well, they didn't say that, Your Honor. Well, then why did you tell me they said that, counsel? Well, that's, it's the context. Don't you think that's material to the nature of the bargain, as we said earlier? I mean, come on. What's that? The previous case. I'm sorry, disregard that. Well, Your Honor, I mean, it was not my intention to misrepresent the record. I know. The point is the government's, we have to look at the government's statement and the context. And I think the context of the government's objection makes it clear they're doing more than just trying to make sure to. Well, in the context, it's not all that clear that the government was agreeing that the sentence was outrageous. The outrageousness was the counsel for Mr. Lewis said it's outrageous. The judge said, no more of that. I don't want to hear that word anymore. You're going to go where your client's going. And so outrageous drops away, and then it comes back, and the counsel says, in asking, says, I'm reading from page 44, I'm curious as to why the government has no objection to the sentence considering the plea agreement was yada, yada. So that's saying the government's not objecting that the plea agreement wasn't satisfied. So that's the objection that Mr. Bethel's making at that point in time. He's dropped outrageous. And so the government is asked whether or not the government agrees with that, and the government says yes because they're bound by contract, right? I'm curious how far your argument goes. Part of the plea agreement indicated the government would recommend a sentence at the bottom of the advisory guideline range. So let's assume here the judge didn't do the bottom of the range. He did the top of the range. And at the end of that, you know, the government was, and you would say, well, counsel for the government, but you still persist with your recommendation, low end of the range. Counsel for the government says yes. Would your position be at that point, should you have appealed the top end of the range sentence based on an unreasonableness argument that the government likewise in that scenario had waived its right to insist on your plea waiver? No, Your Honor. I think my key distinction here is that objections in the district court have consequences on appeal. And it has consequences for what arguments the parties may raise on appeal. And objecting in the district court on a particular ground results in waiver of that party's ability to assert the contrary position on appeal in this court. And I think under the unique facts of this case, the government's objection to the sentence as substantively unreasonable resulted in the right, in the waiver of its right to assert the sentence appeal waiver on appeal. Can I ask you a question, looking at this from a slightly different perspective? Correct me if I'm wrong. The plea agreement is a contract? Yes, Your Honor. There's bargain, there's consideration, right? Yes, Your Honor. And so your client could have bargained, if he'd wish, for a term in the contract saying, if the judge doesn't give us the sentence that we hope he will, you will stand up and disagree strongly, and you will then waive your — you will then stand behind and waive your right to insist, right? That's correct, Your Honor. Now, if the — that's — that term is not in this contract. That's correct, Your Honor. And it seems to me that what you're trying to do is to amend the contract. You're trying to imply a term in the contract that the government would, when the sentence isn't given as they want it, will do what you want. Your Honor — Ordinarily, ordinarily, in contract terms, when the — when a subject matter is there that the parties could have bargained on, you, of course, don't imply that term into the contract. Your Honor, I understand your point, and I'm not arguing that this — Well, what's wrong with me deciding the case on that basis? Your Honor, your — the point is that the sentence — You've got to help me. I'm a contract lawyer. Well, I'm trying to, Your Honor. And like any — this is a contract. And like any contract, the waiver of a particular contractual provision may be implied when a party engages in conduct or takes action in a manner that is inconsistent with enforcement of that provision. And the ability to enforce the appeal waiver was a benefit to the government conferred by the plea agreement, and under — Are you citing me that as a matter of contract law? What's that? You're citing me this waiver as a matter of contract law? I'm — well, I'm presenting this argument in response to your question that, well, isn't this a contract? And I think, yes, it is. And if it is a contract, then we can apply these contractual principles to it. How far does your argument go? If we decided in your favor here and we said the government had waived its right to enforce the appeal waiver provision, we're next up to your real argument. And your real argument is the judge imposed a substantively unreasonable sentence when the judge varied upward. At that juncture, does the government require to stand mute at this point? Can the government defend the judge? How does your contract argument fit into what conduct you would allow the government to engage in at that point? That's a — that's, I think, a totally separate issue. And I do think — Well, what's your answer? I do think that the government would be precluded on appeal from raising the contrary position to what it did in the district court, which was that the substance was substantively unreasonable. However, I think this Court — The district court would have nobody at that point to defend its decision. Well, Your Honor, this Court has an obligation to conduct the sentencing calculus for itself and to review each step the district court took along the way. And so — You know, your contract answer earlier is that the key word in the explanation you gave to Judge Clevenger was a party can waive a previous contract right or lose the right to insist on it by taking a position that's inconsistent. Yes, Your Honor. The problem is there's nothing inconsistent with the government supporting the defendant in a position before the district court. And then when the district court rules supporting the position that the appeal waiver applies and the defendant cannot appeal, it's perfectly consistent. Your Honor — We'll try to get it right in the district court. But if we don't, we don't want to have another appeal. You give that up in return for us supporting you in the trial court. Perfectly consistent rational system. Again, Your Honor, I think the specific context of this makes it clear the government's objection was intended to proceed further than just to persuade the district court to change its mind. But — So the government intended not to insist on the appeal waiver? Yes, Your Honor. At that point, it was a waiver. I'm sorry. When did the government change its mind? And why? Your Honor, they changed their mind on appeal. But at that point — No, but I mean, what's your theory for why they would do that? Your Honor, I'm arguing that this is an implicit waiver of the government's ability to enforce the sentence appeal waiver. And I'm telling you that it doesn't appear to be, and it's certainly not clearly, an implicit waiver because it's perfectly consistent with not waiving. I see I've run out of time. May I attempt to answer? Sure. Your Honor, I think the sentence appeal waiver strikes at the very heart of the issue that the government objected to in the district court. The scope of the sentence appeal waiver sought to be invoked is almost directly coextensive with the issue that would be precluded by the waiver, which is the reasonableness of the sentence. But, I mean, that's the heart of the bargain on an appeal waiver. You can't appeal just because you think the sentence is too long. If you could, appeal waivers would have no function. I understand that, Your Honor. Thank you. And we'll give you a full three on reply. Mr. Ross. May it please the Court, Jonathan Ross on behalf of the United States. Government, in this case, did not waive its ability to enforce the appeal waiver. The government's objection to the sentence was merely an effort to comply with the terms of its plea agreement. The government had promised to recommend a sentence at the bottom of the guidelines range. The context of the government, first, the government's statement was merely three words. It said, yes, Your Honor. There was no statement regarding an intent to waive an appeal waiver. There was no statement, yes, we join in a substantive unreasonableness objection. Simply, yes, Your Honor. And immediately before that, as Judge Klobuchar pointed out a moment ago, there was a conversation about why the government was not objecting when it had agreed in its plea agreement to recommend a sentence. What exactly was the nature of your agreement? Your Honor, the plea agreement. Did you, for example, did you agree that the sentence was outrageous and therefore excessive? No, Your Honor. No, Your Honor. That's nowhere in the record did the government say, we think the sentence is outrageous or substantively unreasonable. The government's plea agreement required it was entered under Rule 11C1B. Well, isn't that key to your opposition's argument? Yes, Your Honor. All you were doing was objecting to the fact that the bargain that you asked for, the sentence you asked for, wasn't given. Yes, Your Honor. Absolutely. And it's important to consider that at the time. But I didn't understand you to be saying that in your briefs. I mean, I deduced that from when I read the transcript. But in your brief, I didn't see you to be saying that, in fact, I saw you to be agreeing that you below agreed with Lewis that the sentence was excessive. When I read your red brief? Yes, Your Honor. And I — Doesn't it matter here in the argument about what the nature of your concession was? Well, no, ultimately. Even if the government had said, we think that the sentence is substantively unreasonable, at the time the — And on page 25, for example, of your brief, you say neither Lewis's opinion of the sentence was unreasonable nor the government's agreement with him. So it seems to me that for purposes of this appeal, you're stuck with having agreed in front of the judge with the fact that his sentence — the sentence given was unreasonable, right? Yes, Your Honor. Okay. Yes, Your Honor. At that — at the time that the government said, yes, Your Honor, the district court still had an opportunity to reconsider the sentence. The objections were made in the district court, even to the extent that the government took a position there that a 30-month sentence in this case was substantively unreasonable. Doing so allowed the district court one last opportunity to reconsider its sentence. Nowhere did the government explicitly say, we waive the ability to enforce the appeal waiver in this case. In fact, had the government not made an objection there, given the context of the defense attorney's statements in the district court, it's likely there would be an argument that the government had breached its plea agreement by not making an objection and failing to comply with terms of the agreement. And in that case, that would have been another way around the appeal waiver. There was an exception in the appeal waiver for prosecutorial misconduct, and there could have been an argument that by failing to object, the government breached and engaged in prosecutorial misconduct. Government's statement was nothing more than an attempt to persuade the district court there was no relinquishment, intentional relinquishment, or even implicit relinquishment of its right to insist on the appeal waiver here. Even if the court could consider the substantive reasonableness of the sentence, the district court laid out ample reasons in the record to support 30-month sentence. If there are no further questions, I yield back the balance of my time. Thank you, Counsel. Thank you. Three minutes. Counsel. Your Honor, the government's argument is asking this Court to ignore completely the fact that it made a deliberate and unequivocal objection in the district court to the reasonableness of the sentence. And I would just ask this Court to consider what its reaction would be if Mr. Lewis were to come before this Court and argue that, well, that objection Mr. Lewis made, that, you know, that really wasn't an objection. That was just us expressing our opinion. And I would like to say just a few words about the — Whenever the contractual bargain is not achieved because the judge has the objection, isn't there implicit disappointment and disagreement on behalf of the government always? Your Honor, this isn't a case of implicit disappointment. This is an explicit objection. The government persisted in the — But my point is, isn't there objection in every case? Can't I just assume that whenever a judge does what happens here, if you ask the government lawyer, are you unhappy with that, they say yes? No, Your Honor. I'm not aware of any principle upon which objections can just be assumed from a silent record. In this case, the district court — Well, the contract. I mean, there — I mean, it's almost as if the government is bound to say I object because they entered into a contract to try to achieve a particular result. The contract only provided that they agreed to recommend a specific sentence. And the district court even cautioned them. You've already done that. You don't need to object. Notwithstanding everything we've been over, do you still want to — So in the future, when your client is in this situation, you would have us tell the government what you need to do is say, object? Oh, no, no, no, no. We don't object. Have at it, Your Honor. Your Honor, I think the point I'm making here is — No, no, no. That's preferable for criminal defendants. The position you're arguing — I know, of course, the position you're arguing furthers the interest of this criminal defendant. But in the future, would it further the interest of other criminal defendants to say that the government should not join an objection to a sentence as being too long because they risk waiving the appeal waiver? I don't think that's the case, Your Honor. I mean, the — they're the Department of Justice. Theoretically, their job is to ensure that the — But you told us, I thought, and I may have misunderstood you, that the government wasn't obligated to object to the sentence. It wasn't. Okay. But it did, despite — So we're going to tell the government in the future, you want to be safe? Don't object to the sentence. Don't support the defendant. All we're telling the government is that if it makes an objection in the district court, that objection will have consequences on appeal. Unless they say, however, notwithstanding the aforementioned objection, we reassert our right to the appeal waiver and to enforce it on appeal. That was what — that'd be enough. That would be materially different, I think. I know. But would that do it? Would that prevent the waiver? I believe it would. Okay. All right. Thank you, counsel. Appellant over here, appellee over there. We — yeah. In state court, they had it right. They had the appellant on the left side and the appellee on the right. But I'm sorry. Maybe I should have called the case. Pearson v. Augusta. We'll get to you. Trust me. We'll get to you. The way it's always been done here is appellant on, I guess that would be staged left facing us on the right and appellee over here. I thought that was what the confusion was instead of the cases. I'm sorry. Now, Pearson v. Augusta, Mr. Batson. Mr. Batson.